FILED
CLERK

4/12/2016 10:18 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLINTON CARPENTER, #15004091,

                Plaintiff,

    -against-

CORRECTIONAL OFFICER "JOHN DOE" OF THE
NASSAU COUNTY SHERIFF'S DEPT. and
NASSAU COUNTY SHERIFF'S DEPARTMENT,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-6685 (SJF)(AKT)

FEUERSTEIN, District Judge:

I.      Introduction

On August 10, 2015, incarcerated *pro se* plaintiff Clinton Carpenter ("plaintiff") filed a complaint (the "August complaint") in this Court pursuant to 42 U.S.C. §1983 ("Section 1983") against defendants Correctional Officer "John Doe" of the Nassau County Sheriff's Department and the Nassau County Sheriff's Department ("NCSD") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. By Memorandum and Order, dated November 4, 2015, the Court granted plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismissed plaintiff's Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for relief, and any state law claims pursuant to 28 U.S.C. § 1367(c)(3).

On November 12, 2015, plaintiff filed another complaint (the "November complaint") pursuant to Section 1983 against defendants asserting the same claims as were alleged in the August complaint, accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed

1

*in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, s*ee* 28 U.S.C. §§ 1914(a); 1915(a) (1), plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's Section 1983 claims in the November complaint are *sua* sponte dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim for relief, and any state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3).

II.     Background[1]

In the August complaint, plaintiff alleged, *inter alia*, that on June 18, 2014, he was injured while being transported to the Nassau County Jail ("the Jail") when Correctional Officer "John Doe" "crash[ed] the van [he] was on [sic] into the van in front of him which was also a Nassau County van." (Aug. Compl., ¶ IV). According to plaintiff, he could not "break [his] fall" because he was restrained by handcuffs at the time of the accident, so his head and shoulder hit the seat in front of him, "jarr[ing] his neck." (*Id.*) Plaintiff claimed injuries to his neck, right shoulder and back and sought damages in the amount of one million dollars ($1,000,000.00). (*Id.*, ¶¶ IV.A and V).

In his November complaint, plaintiff alleges, *inter alia*, that on June 18, 2014, he was injured while being transported to the Jail when Correctional Officer "John Doe" "crashed the van while tune [sic] the radio and not paying attention to where he was driving, causing

---

[1]All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

[plaintiff] to hit [his] head on the seat in front off [sic] [him] and jarring [his] neck and injuring [his] back, right shoulder and [his] neck[.]" (Nov. Compl., ¶ IV). According to plaintiff, "there were no seat belt [sic] on the van, and [he] couldn't stop [his] fall because [he] was handcuff [sic] to another inmate[.]" (*Id.*, ¶ V). Plaintiff seeks to recover damages in the amount of one million dollars ($1,000,000.00). (*Id.*).

III. Discussion

    A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544

U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

B.  Claim Preclusion

"A 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties.'" *Merrill v. Town of Addison,* 763 F.2d 80, 83 (2d Cir. 1985) (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979)). Under the doctrine of *res judicata,* or claim preclusion, a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell,* 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) (internal quotation marks and citation omitted); *see also Allen v. McCurry,* 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.");

4

*Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (accord). "The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." *Marcel Fashions*, 779 F.3d at 108. The doctrine of *res judicata* "protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892, 128 S. Ct. 2161 (quotations, brackets and citation omitted).

"Preclusion of a claim under th[e] doctrine [of claim preclusion] requires a showing that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Marcel Fashions*, 779 F.3d at 108 (quotations and citation omitted). Since a final judgment dismissing plaintiff's Section 1983 claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief was entered in the prior action on November 5, 2015, and the prior action involved the same parties and the same claims as this action, plaintiff's Section 1983 claims are barred by the doctrine of *res judicata*. Accordingly, plaintiff's Section 1983 claims in the November complaint are dismissed in their entirety with prejudice. *See*, *e.g. Walters v. Industrial and Commercial Bank of China, Ltd.,* 651 F.3d 280, 293 (2d Cir. 2011) ("[R]es judicata is a waivable defense that a court is nonetheless free to raise *sua sponte*."); *see also Arizona v. California*, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the

5

action *sua sponte*, even though the [preclusion] defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." (quotations and citation omitted)).

C. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009) (a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726 (2d Cir. 2013) ("It is a truism of federal civil procedure that in providing that a district court 'may' decline to exercise [supplemental] jurisdiction, § 1367(c) is permissive rather than mandatory." (quotations, brackets and citation omitted)). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988); *accord Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining

6

state law claims. *See Cohill*, 484 U.S. at 350, 108 S. Ct. 619; *Lundy*, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

Insofar as the November complaint can be read to assert any state law claims against defendants, in light of the dismissal of all federal claims in this action prior to service of a summons and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over those claims. Accordingly, any state law claims asserted by plaintiff in the November complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IV.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims in the November complaint are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and any state law claims asserted in the November complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                               /s/_____
                                           Sandra J. Feuerstein
                                           United States District Judge

Dated:        April 12, 2016
               Central Islip, New York